UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALEH ALI M. BAKABAS,

  Plaintiff,

v.

JP MORGAN CHASE BANK, a
National Banking Association, and
TROTT & TROTT, P.C., a Michigan
Professional Corporation, Jointly and
Severally,

  Defendants.
_____/

Case No. 09-11260

HON. SEAN F. COX
United States District Judge

OPINION & ORDER

  Plaintiff Saleh Ali M. Bakabas ("Bakabas") brings this cause of action based upon alleged violations of the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*, against Defendants JP Morgan Chase Bank, N.A. ("Chase") and the law firm Trott & Trott, P.C. ("Trott & Trott"). The matter is currently before the Court on two motions for summary judgment: 1) Trott & Trott's Motion for Summary Judgment [Doc. No. 11]; and 2) Bakabas's Motion for Summary Judgment [Doc. No. 13]. The parties have fully briefed the issues, and the Court declines to hear oral argument pursuant to Local Rule 7.1(e)(2). For the reasons below, the Court **GRANT**S Trott & Trott's Motion for Summary Judgment [Doc. No. 11], and **DENIES** Bakabas's Motion for Summary Judgment [Doc. No. 13].

BACKGROUND

  Bakabas is a resident of Dearborn, Michigan, and owner of real property located at 4091 Bingham Street, Dearborn, Michigan ("the Real Property"). Bakabas owns the Real Property

1

along with his mother, who resides in Saudi Arabia, as joint tenants with right of survivorship.

In July of 2007, Bakabas alleges that he went to an entity he names as "Millennium Loans" ("Millennium") to secure a commercial loan. Millennium approved Bakabas for a loan, and had Bakabas sign loan documents, but allegedly did not provide Bakabas with copies.

In November of 2007, Bakabas realized that, in granting Bakabas the loan, Millennium had placed a mortgage ("the Mortgage") on the Real Property in favor of Washington Mutual Bank ("WAMU"). Bakabas called Millennium's office, and was told he had to come to their office if he desired to cancel the mortgage.

Bakabas alleges that when he and two friends arrived at Millennium's office the doors were locked and he was unable to get anyone to come to the door. In response, on December 7, 2007 Bakabas faxed a notice of cancellation to Millennium (Ex. 3 to Pl.'s Complaint, Doc. No. 1). Bakabas also contacted FBI agent James D. Hoppe about the events surrounding the Millennium mortgage, and was given a business card.

Bakabas retained legal counsel to assist with the matter, and Plaintiff's Counsel wrote several letters to WAMU during March and April of 2008, but these letters are alleged to have largely gone ignored by WAMU. WAMU was subsequently taken over by the Federal Deposit Insurance Corporation ("FDIC"), and JP Morgan Chase Bank, N.A. ("Chase") purchased assets, including the Mortgage, from FDIC as receiver for WAMU, on September 25, 2008.

Bakabas did not make payments on the Mortgage, which as a consequence went into default. Chase retained Trott & Trott to handle foreclosure proceedings on the Real Property. On February 27, 2009, Bakabas received a letter from Trott & Trott demanding payment of $163,721.45. In reply, Bakabas, through counsel, sent Trott & Trott a letter explaining the

situation (Ex. 13 to Pl.'s Complaint, Doc. No. 1), to which Bakabas received no response.

On March 11, 2009, a notice was tacked on the front door of the Real Property notifying Bakabas that the Real Property was being foreclosed by Chase by advertisement under the terms of the Mortgage. The sale was scheduled for April 1, 2009, but has not been held due to this lawsuit.

Bakabas filed the instant lawsuit on March 18, 2009 in the Wayne County, Michigan, Circuit Court. Chase removed the action under the Court's federal question jurisdiction on April 4, 2009. Bakabas claims the Mortgage on the Real Property should be rescinded as Bakabas received no proceeds from the Mortgage (Count I), and because he did not receive two copies of the "right to cancel" notice required under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1635(a) (Count II). Bakabas has also attached a request for sanctions (Count III), alleging that the foreclosure on the Real Property is frivolous, and attaches Trott & Trott as a defendant along with Chase to this Count.

Two motions for summary judgment are currently pending. Trott & Trott brings their Motion for Summary Judgment [Doc. No. 11], arguing that they should be dismissed based upon Bakabas's failure to allege that their firm engaged in any wrongdoing. Bakabas has also filed a Motion for Summary Judgment [Doc. No. 13], arguing that the Mortgage should be rescinded.

STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a

matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

## ANALYSIS

I. <u>Trott & Trott's Motion for Summary Judgment</u>.

In their Motion for Summary Judgment, Trott & Trott argues that "Plaintiff's Complaint fails to state any facts in support of any wrongdoing on the part of Defendant Trott." [Doc. No. 11, p. 2]. "Plaintiff's Complaint discusses alleged wrongdoings which occurred prior to the engagement of Trott & Trott, P.C., i.e, events which took place at the origination of the closing of the loan." *Id*. at 4.

Bakabas admits that he is not asserting a claim of action for a monetary award against Trott & Trott. [Doc. No. 17, p. 2]. Rather, Bakabas argues that "[p]art of the relief sought against JP Morgan is enjoining the foreclosure sale [on the Real Property] until the issue of the validity of the mortgage is resolved." *Id*. at 1. "As the foreclosure sale is being conducted by JP Morgan's agent Trott[,] the equitable relief of injunction would be meaningless unless all person[s] involved in the foreclosure process are enjoined." *Id*. at pp. 1-2.

In the instant case, there are no direct or inferential allegations against Trott & Trott justifying their being named as defendants. "In practice, a . . . complaint must contain either

4

direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

Further, Rule 65(d) of the Federal Rules of Civil Procedure already provides Bakabas with the protection he seeks by adding Trott & Trott as a defendant:

> **Persons Bound**.  The order [for injunction or temporary restraining order] binds only the following who receive actual notice of it by personal service or otherwise:
> (A) the parties;
> (B) *the parties' officers, agents, servants, employees, and attorneys*; and
> (C) other persons who are in active concert or participation . . .

FED. R. CIV. P. 65(d) (emphasis added).  As the attorneys for Chase, and furthermore as agents of Chase with respect to the foreclosure sale of the Real Property, Trott & Trott would already be enjoined by any injunctive relief the Court could theoretically grant Bakabas.

For these reasons, the Court **GRANTS** Trott & Trott's Motion for Summary Judgment [Doc. No. 11], and **DISMISSES** them as a defendant in this case.

II.  Bakabas's Motion for Summary Judgment.

In his Motion for Summary Judgment [Doc. No. 13], Bakabas argues that despite the infancy of this case, summary judgment is proper as "there is no dispute that Plaintiff never received 2 copies of the Notice of Intent to Cancel as required under 15 USC § 1635(a) and Regulation Z, 12 CFR §226.23(b)(1)." [Pl.'s Motion, Doc. No. 13].  Bakabas also states that he would be willing to withdraw the instant motion if Chase could come forward with evidence to the contrary.  *Id.* at 5 ("Produce a single piece of paper, a receipt signed by Plaintiff that he received 2 copies of the Notice of Right to Cancel and Plaintiff will withdraw this motion").

In its response brief [Doc. No. 16], Chase attached as exhibits copies of the "Notice of the Right to Cancel" and the "Truth in Lending Disclosure Form" relevant to the Mortgage, both

of which bear Bakabas's purported signature. [*See* Doc. No. 16, Ex. 1].

In reply, Bakabas now argues that the signatures on the documents Chase has proffered are forgeries. [Doc. No. 22, ¶8]. Bakabas admits in his reply that expert testimony will be required to resolve this fact question. *Id*. at ¶9. For this reason, the Court **DENIES** Bakabas's Motion for Summary Judgment [Doc. No. 13].

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Trott & Trott, P.C.'s Motion for Summary Judgment [Doc. No. 11], and **DENIES** Bakabas's Motion for Summary Judgment [Doc. No. 13].

**IT IS SO ORDERED.**

                              s/ Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Date: July 9, 2009

I hereby certify that on July 9, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

                              s/ Jennifer Hernandez
                              Case Manager