UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALEH ALI M. BAKABAS,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.

    Defendant.
_____/

Case No. 09-11260

HON. SEAN F. COX
United States District Judge

## OPINION & ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 38]

Plaintiff Saleh Ali M. Bakabas ("Bakabas") brings this cause of action for violations of the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*, against Defendant JP Morgan Chase Bank, N.A. ("the Bank"). The matter is currently before the Court on the Bank's motion for summary judgment [Doc. No. 38]. The parties have fully briefed the issues, and a hearing was held on July 8, 2010. For the reasons below, the Court **GRANTS** the Bank's motion [Doc. No. 38], and will **DISMISS** this action **WITH PREJUDICE** unless Bakabas tenders the $157,000.00 in mortgage principal involved in this action to the Bank **no later than thirty (30) days from the date of this opinion**.

### BACKGROUND

Consistent with the requirements of FED. R. CIV. P. 56, the following are the relevant facts of this matter, taken in the light most favorable to the non-moving party, Mr. Bakabas.

Bakabas is a resident of Dearborn, Michigan, and the owner of real property located at 4091 Bingham Street, Dearborn, Michigan ("the Real Property"). Bakabas owns the Real Property along with his mother, who resides in Saudi Arabia.

1

In July of 2007, Bakabas alleges that he went to an entity he names as "Millennium Loans" ("Millennium") to secure a commercial loan. Millennium told Bakabas he could get the loan, and had Bakabas sign documents, but allegedly did not give Bakabas a copy of these documents.[1]

In November of 2007, Bakabas claims he first realized that Millennium had placed a mortgage ("the Mortgage") on the Real Property in favor of Washington Mutual Bank ("WAMU"). Bakabas immediately called Millennium's office, and was told he had to come to their offices to cancel the mortgage if that was his intention. Bakabas, though, alleges that when he and two friends arrived at Millennium's offices, the doors were locked and he was unable to get anyone to come to the door. As a result, on December 7, 2007 Bakabas faxed a notice to Millennium purporting to cancel the loan [Ex. 3 to Pl.'s Complaint, Doc. No. 1].

Bakabas retained legal counsel to assist in this matter, and Plaintiff's Counsel himself wrote several letters to WAMU during March and April of 2008, but these letters are alleged to have largely gone ignored. WAMU was subsequently taken over by the Federal Deposit Insurance Corporation ("FDIC"), and the Bank purchased assets, including the Mortgage, from the FDIC as receiver for WAMU, on September 25, 2008.

Bakabas did not make payments on the Mortgage, which as a consequence went into default. On March 11, 2009, a notice was tacked on the front door of the Real Property notifying

---

[1] This fact is disputed vigorously by the Bank, and in support of its motion the Bank attaches an affidavit from Ms. Shannon Barkley [*see* Def.'s Ex. E, Doc. No. 38], who attests that she notarized the documents at issue in this lawsuit, personally observed Bakabas sign the TILA notice of right to cancellation, and then personally handed Bakabas copies of these documents at the end of the closing. *Id.* at ¶¶6-11. In its reply brief, however, the Bank states that "for purposes of this motion only, the Court should assume that Plaintiff did not receive copies of those documents." [*See* Def.'s Reply Br., Doc. No. 42, p.1].

2

Bakabas that the Real Property was being foreclosed by the Bank.  The sale was originally scheduled for April 1, 2009, but has not yet taken place due to this litigation.

Bakabas filed the instant lawsuit against the Bank and against the law firm Trott & Trott, P.C. on March 18, 2009 in the Wayne County, Michigan, Circuit Court, claiming that the Mortgage should be rescinded as Bakabas received no proceeds from the mortgage [Count I], and because he did not receive two copies of the "right to cancel" notice required under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1635(a) [Count II].  Bakabas also attached a request for sanctions [Count III], alleging that the foreclosure was frivolous.  The Bank removed the action under the Court's federal question jurisdiction on April 4, 2009.

On July 9, 2009, the Court granted Trott & Trott, P.C.'s motion for summary judgment [Doc. No. 11], holding that the law firm was not a proper defendant in this action.  [*See* Doc. No. 28, pp.4-5].  The Court then remanded Bakabas' state law claims [Counts I, III] to the Wayne County, Michigan, Circuit, on the grounds that those claims predominated over the TILA claim, and presented a potential for jury confusion, pursuant to 28 U.S.C. § 1367(c)(2).  [*See* Doc. No. 32].  Accordingly, the only claim currently remaining in this action is Bakabas' TILA claim [Count II] against the Bank.

Following the close of discovery in this action, the Bank filed its instant motion for summary judgment [Doc. No. 38] on May 7, 2010.  In its motion, the Bank argues that dismissal of Bakabas' TILA claim is warranted unless Bakabas is willing to return the principal loaned to him by WAMU - an asset now currently owned by the Bank.  *Id*. at pp.6-8. In opposition to the Bank's motion, Bakabas argues that: 1) he is not obligated to tender back any monies loaned "unless there is a determination that Plaintiff is entitled to rescind[;]" and 2) that if it is

3

determined that Bakabas has the right to rescind, all he need tender to the Bank is $3,500.00.

STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED.R.CIV.P. 56(e)).

ANALYSIS

In its motion for summary judgment, the Bank asks this Court to dismiss the instant action unless Bakabas is willing to return the entire principal advanced by WAMU. Bakabas argues that, at most, he should be required to return is the $3,500.00 he alleges he personally received at the loan closing. The Court disagrees with Bakabas, and **GRANTS** the Bank's motion for summary judgment [Doc. No. 38] - in effect, dismissing this matter unless Bakabas agrees to tender the *entire amount loaned by WAMU* - $157,000.00 - to the Bank **no later than thirty (30) days from the date of this opinion**.

TILA provides for statutory penalties if a creditor fails to make certain disclosures required under the statute. The Sixth Circuit has held that:

4

> One of the primary purposes of the TILA is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.

*Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (internal citations and quotations omitted). To accomplish this purpose, TILA empowers the Federal Reserve Board, through Regulation Z, 12 C.F.R. § 226, to require certain disclosures to consumers regarding the terms and costs of credit. *Id*.

One such disclosure, required under 15 U.S.C. § 1635(a), is known as a "Notice of Right to Cancel" - the same disclosure which Bakabas alleges he was not provided by the lender during his loan transaction. "The relevant regulations require that a creditor shall deliver two copies of the notice of the right to rescind to each consumer." *Lancaster v. Countrywide Home Loans, Inc.*, 2009 WL 2584736, *6 (E.D. Mich. Aug. 19, 2009) (internal citations and quotations omitted). "When a creditor fails to deliver a Notice of Right to Cancel to a debtor, the debtor has three years to rescind the loan." *Id*. (internal citation omitted). In this case, for purposes of this motion only, the Bank has stipulated that Bakabas did *not* receive this notice - and therefore is eligible to exercise his right to rescind the transaction under TILA.

The procedure for the return of money or property upon a consumer's right to exercise his or her right to rescind the transaction is set forth in 15 U.S.C. § 1635(b). Under that subsection, the borrower is not liable for any finance charges related to the transaction, and is entitled to the return of any money or property given as down payment or earnest money related to the transaction. In return for this, however, *the consumer must return to the lender the principal amount advanced in the transaction.*

Due to the Bank's stipulation for purposes of this motion that Bakabas did not receive

5

copies of the "Notice of Right to Cancel," Bakabas is eligible to rescind the transaction. Therefore, only two issues remain for the Court's consideration: 1) what must Bakabas return to the Bank; and 2) who must perform first.

    I. <u>The Amount of "Mortgage Proceeds" Bakabas is Required to Return.</u>

Bakabas argues that all he is required to tender to the Bank is "3,500.00 of the mortgage proceeds that were wired into his account." [Pl.'s Br., Doc. No. 41, p.2]. The Court disagrees.

This Court considered a similar situation in *Lancaster*, where debtor sought rescission of a mortgage which the debtors alleged they did not receive a Notice of Right to Cancel disclosure. In that case, the Court held as follows:

> Ordinarily a creditor must return all security interests, downpayments, and finance or other similar charges, *and the debtor must return the full amount of the mortgage, plus any interest accrued during the time the debtor had access to the funds*.

*Lancaster*, 2009 WL 2584736, *7 (emphasis added). The original loan from WAMU to Bakabas was for $157,000.00, [*See* Def.'s Ex. A, Doc. No. 38], a figure that neither disputed at the July 8, 2010 hearing was the remaining outstanding balance. Thus, for purposes of this motion, the Court will assume that the uncontested amount of the outstanding mortgage on the Real Property is $157,000.00. Bakabas' arguments to the contrary are without merit.

    II. <u>The Order of Performance between Bakabas and the Bank.</u>

The Bank argues that Bakabas "is not entitled to rescission unless he tenders the consideration received in the loan transaction. . . which he has not done." [Def.'s Reply Br., Doc. No. 42, p.1]. Though Sixth Circuit case law gives this Court discretion to set the order of rescission performance by the parties in whatever manner is equitable, the Court agrees with the Bank's argument.

Analyzing the law of the Sixth Circuit regarding rescission under TILA, the Western District of Michigan held as follows:

> Although § 1635(b) specifies that the consumer's obligation to tender the property arises only after the creditor has performed its obligations of taking steps to terminate its security interest and returning any money or property given as a downpayment or earnest money, many courts, including the Sixth Circuit, have recognized that the express language of § 1635(b), as well as equitable principles, permit a court to modify those procedures to condition the lender's obligations upon the borrower's tender of the amount due to the lender.

*Moore v. Cycon Enterprises, Inc.*, 2007 WL 475202, *2 (W.D. Mich. Feb. 9, 2007). The Sixth Circuit explained the rationale behind this requirement as follows:

> After weighing the equities, the district court properly conditioned the Fraleys' rescission on repayment of the net loan principal received. Without requiring the Fraleys to return the net loan principal, the Fraleys would receive a windfall and be placed in a far better position than they were in prior to the transaction. The provision for rescission aims to restore parties, as much as possible, to the position they held prior to entering into the transaction.

*Decision One Mortgage v. Fraley*, 2000 WL 18889700, *2 (6th Cir. Dec. 19, 2000). This Court has also previously sanctioned the conditioning of rescission upon the return of the loan principal by the borrower:

> Rescission is an equitable remedy, and the court may condition cancellation of the security interest by the creditor upon the return of the loan amount to the creditor by the debtor.

*Lancaster*, 2009 WL 2584736, *7.

Weighing the equities in this matter, the Court conditions Bakabas' right to rescission upon his first tendering the entire loan principal back to the Bank. WAMU, the original lender of the funds advanced on the Real Property's mortgage, has not been alleged by Bakabas to have done anything wrong in this transaction. The Bank purchased assets, including the Mortgage, from WAMU after the FDIC stepped in as receiver for WAMU's assets - and therefore is also

7

not alleged by Bakabas to have done anything wrong.

Rather, the essence of Bakabas' argument is that he was taken advantage of by Millenium - whom Bakabas has not attached as defendant to this action. As the Bank argues in its reply:

> If Plaintiff got taken by Millenium, that was his own doing. Plaintiff's ill advised decision to do business with Millenium was not caused by Defendant[,] and Defendant should not be penalized for Plaintiff's decision.

[Def.'s Reply Br., Doc. No. 42, p.2]. The Court agrees. Further, it is undisputed that Bakabas has fallen behind on the Mortgage payments related to the Real Property - so much so that the Bank began the process of foreclosure before this lawsuit was filed. Under these circumstances, the equities weigh in favor of the Bank, and the Court therefore conditions Bakabas' right to rescission upon his first tendering the loan principal to the Bank.

## CONCLUSION

For the reasons stated above, the Court the Court **GRANTS** the Bank's motion [Doc. No. 38], and will **DISMISS** this action **WITH PREJUDICE** unless Bakabas tenders the $157,000.00 in mortgage principal involved in this action to the Bank **no later than thirty (30) days from the date of this opinion**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

8