UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALEH ALI M. BAKABAS,

      Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.

      Defendant.
_____/

Case No. 09-11260

HON. SEAN F. COX
United States District Judge

OPINION & ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION [Doc. No. 45]

Plaintiff Saleh Ali M. Bakabas ("Bakabas") brings this cause of action for violations of the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*, against Defendant JP Morgan Chase Bank, N.A. ("the Bank"). On August 11, 2010, the Court granted the Bank's motion for summary judgment [Doc. No. 38], and required Mr. Bakabas to tender the $157,000.00 in mortgage principal involved in this action to the Bank within thirty days or face dismissal of this action [*See* Doc. No. 44]. The matter is currently before the Court on Mr. Bakabas' motion for reconsideration of that order [Doc. No. 45]. The Court declines to hear oral argument pursuant to E.D. Mich. L.R. 7.1(h)(2). For the reasons below, the Court **DENIES** Mr. Bakabas' motion for reconsideration [Doc. No. 45].

STANDARD OF REVIEW

The Court's local rule regarding motions for reconsideration states as follows, in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. *The movant*

1

> *must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case.*

E.D. MICH. L.R. 7.1(h)(3) (emphasis added).

Motions for reconsideration are "not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Fish v. Home Depot*, 2010 WL 419980, *4 (E.D. Mich. Feb. 1, 2010), citing *Smith v. Mount Pleasant Schools*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003).

ANALYSIS

In his motion for reconsideration [Doc. No. 45], Mr. Bakabas argues generally that the Court "failed to address Plaintiff's main argument[.]" [Doc. No.45, pp.1-2]. Mr. Bakabas then goes on to argue - as he did in opposition to the Bank's original motion, that Mr. Bakabas was not present at the closing for the loan involved in this litigation, and therefore could not have signed the documents related to his loan. The Court did, however, consider this argument in its August 11, 2010 Opinion & Order - indeed, the Court assumed for purposes of that motion *that Mr. Bakabas was entitled to rescind the transaction* pursuant to the Truth In Lending Act, 15 U.S.C. § 1635(a). As the Court's August 11, 2010 Opinion & Order [Doc. No. 44] assumed *arguendo* that Mr. Bakabas was entitled to rescission of the transaction, Mr. Bakabas' instant argument to the contrary is without merit.

Mr. Bakabas next argues that the Court erred in holding that Mr. Bakabas should be required to tender the entirety of the $157,000 originally loaned by Washington Mutual - and that Mr. Bakabas should only be required to tender the $3,500 he concedes was wired into his account after the transaction's completion. [*See* Doc. No. 45, p.2]. The Court expressly

considered - and rejected - this argument in its August 11, 2010 Opinion & Order, however. [*See* Doc. No. 44, p.6]. As such, Mr. Bakabas' instant argument merely "re-hash[es] old arguments" made in the earlier summary judgment motion, and the Court will not revisit them in this order. Mr. Bakabas' arguments to the contrary are without merit.

Finally, Mr. Bakabas disagrees with the Court's finding that the equities weighed against Mr. Bakabas in holding that Mr. Bakabas should be required to tender the $157,000 before exercising his right to rescission under TILA. [*See* Doc. No. 45, pp.2-3]. The Court disagrees with Mr. Bakabas' statement that "[t]he Court. . . held that WAMU did nothing wrong and held Plaintiff at fault." *Id*. at 2. Rather, the Court's August 11, 2010 Opinion & Order recognized that all of Mr. Bakabas' allegations of wrongdoing pertained to third parties not named as defendants in this action. [Doc. No. 44, pp.7-8]. To the extent that Mr. Bakabas invites this Court to reconsider its weighing of the equities in this matter, the Court declines, and finds Mr. Bakabas' arguments to the contrary without merit.

## CONCLUSION

For the reasons stated above, as Mr. Bakabas has failed to evidence a "palpable defect" in the Court's August 11, 2010 Opinion & Order [Doc. No. 44], the Court **DENIES** Mr. Bakabas' motion for reconsideration [Doc. No. 45].

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 28, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALEH ALI M. BAKABAS,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.

    Defendant.
_____/

Case No. 09-11260

HON. SEAN F. COX
United States District Judge

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2010, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager